IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR NARRO<br>(TDCJ No. 2062243),<br><br>Plaintiff,<br><br>V.<br><br>DE SOTO POLICE DEPT DALLAS COUNTY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:17-422-C-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cesar Narro, a Texas prisoner, has filed a *pro se* civil rights action under 42 U.S.C. § 1983, initially against only the DeSoto, Texas police department, in which he asserts factual allegations that could state a plausible constitutional violation under the Eighth Amendment's deliberate indifference standard. *See* Dkt. No. 3. Through verified responses to court-issued interrogatories, Narro has identified an individual police officer and has indicated that he seeks to add as defendants the State of Texas and Dallas County. *See* Dkt. No. 7 at 2.

Senior United States District Judge Sam R. Cummings has referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Narro's claims against the State of

Texas, Dallas County, and the police department but allow Narro's claims as against the individual officer to proceed. If the Court accepts this recommendation, the undersigned will resume pretrial management of this action.

## Applicable Background

In his complaint, Narro alleges that, on or about December 20, 2015, following his arrest, and while he was in the custody of the DeSoto police department, he asked for medical assistance from an unidentified officer(s). According to Narro,

> [t]he DeSoto police said I was faking [an] injury. [W]hen I finally did arrive at the hospital, I blacked out[,] and the DeSoto police [told] the doctor that I was faking. I was carried while I was unconscious, which caused severe nerve damage and bodily injury. I still need treatment. If I was faking[,] why did [the Dallas County jail] admit me to the infirmary as soon as I arrived[?] I spent 5 days under their medical care, and I still need medical attention.

Dkt. No. 3 at 4. Through his verified interrogatory responses, Narro has identified the DeSoto police officer as "Officer W. Bell." *See* Dkt. No. 7 at 2.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, *see* Dkt. No. 5, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The United States "Supreme Court has made clear that" dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale

has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Plaintiff's verified responses to the Court's interrogatories, *see* Dkt. No. 7, which "become part of [his] pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court must generally afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a prisoners' claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).

Where the Court determines that a *pro se* prisoner has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam);

*Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

## Analysis

For purposes of screening, several defendants identified by Narro should be dismissed. Once that occurs, his complaint, as amended by his verified interrogatory responses, should be served on the defendant identified as Officer W. Bell.

<u>State of Texas</u>

Any claim by Narro against the State of Texas is barred by Eleventh Amendment immunity. *See Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))); *see also id.* at 903 ("Neither Texas nor TDCJ has waived its immunity; therefore, Appellees' claims against them are barred by the Eleventh Amendment."). The State of Texas should therefore be dismissed with prejudice under Sections 1915(e)(2)(B) and 1915A.

Dallas County

While a municipality such as Dallas County may be held liable under Section 1983, "[a] county's liability under Section 1983 arises when 'official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution.'" *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984)).

> To hold a municipality liable under § 1983, ... plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 "is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986).

*Stiff v. Stinson*, No. 3:12-cv-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013); *accord Hampton Co. Nat'l Sur.*, 543 F.3d at 227; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Narro's request, through his verified interrogatory responses, to add Dallas County as a defendant fails to identify an official policy or custom – particularly a policy or custom of Dallas County – that is tied to his alleged treatment while in DeSoto police custody. Narro's "failure to identify an official policy, custom, or practice giving rise to a constitutional violation is ... fatal to [his] claim against Dallas County, Texas." *Amir-Sharif v. Valdez*, No. 3:06-cv-2258-P, 2007 WL 1791266, at *3 (N.D. Tex. June 6, 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir.

2016) ("There is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.' Establishing municipal liability requires proof of (1) a policymaker who can be charged with actual or constructive knowledge of (2) an official policy or custom that (3) was the moving force behind a constitutional violation." (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (in turn quoting *Monell*, 436 U.S. at 691); citations omitted)).

But, because Narro may be able to better articulate a claim against Dallas County, this defendant should be dismissed without prejudice.

The DeSoto police department

The DeSoto police department, as a law enforcement department, is a non-jural entity that cannot be sued for civil rights violations under Section 1983. *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (absent authorization by a Texas city, a plaintiff "no more can proceed against [its] police department alone than [he] could against the accounting department of a corporation"). Any claim against this entity should therefore be dismissed with prejudice under Sections 1915(e)(2)(B) and 1915A.

**Recommendation**

The Court should dismiss Narro's claims against the State of Texas and the DeSoto police department with prejudice, dismiss his claim against Dallas County without prejudice, and allow this case to proceed as against Officer W. Bell.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Copies should be mailed to Narro at his current

address and to Narro's attention at 300 Springfield Lane, Waxahachie, Texas 75165. The Clerk shall update Narro's mailing address accordingly. *See* Dkt. No. 7 at 3 (indicating that Narro will be released from custody on April 15, 2017 and updating his address with the Court).

Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE