IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CESAR NARRO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-422-C-BN |
| | § | |
| OFFICER W. BELL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action under 42 U.S.C. § 1983 filed by Plaintiff Cesar Narro has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. The Court granted Narro leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should dismiss this action without prejudice to Narro's filing, within a reasonable period of time to be set by the Court, an amended complaint that overcomes the deficiencies identified below.

**Applicable Background**

In his complaint, Narro alleges that, on or about December 20, 2015, following his arrest, and while he was in the custody of the DeSoto police department, he asked for medical assistance from an unidentified officer. According to Narro,

> [t]he DeSoto police said I was faking [an] injury. [W]hen I finally did arrive at the hospital, I blacked out[,] and the DeSoto police [told] the

> doctor that I was faking. I was carried while I was unconscious, which caused severe nerve damage and bodily injury. I still need treatment. If I was faking[,] why did [the Dallas County jail] admit me to the infirmary as soon as I arrived[?] I spent 5 days under their medical care, and I still need medical attention.

Dkt. No. 3 at 4. Through his verified interrogatory responses, Narro identified the following defendants: "City of DeSoto Police Station, Officer W. Bell, City of DeSoto Police Department, Dallas County, State of Texas." *See* Dkt. No. 7 at 2.

The Court dismissed his claims against the State of Texas, Dallas County, and the DeSoto Police Department and ordered that his complaint be served on Officer Bell, who was assumed to be a DeSoto police officer. *See* Dkt. Nos. 8, 10, 11, 12, 13, & 14.

After the summons to Officer Bell was returned unexecuted, *see* Dkt. No. 15, the Court ordered the City of DeSoto, presumably his alleged employer at the time of the incident, to file, as an interested party, a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) – "a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915," *Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997)) – *see* Dkt. No. 16.

The City responded that Officer Bell was not its employee but instead a Lancaster police officer. *See* Dkt. No. 17 ("The City of DeSoto has since discovered that the officers whose conduct appear to give rise to Plaintiff's claims, including Officer Bell, were employed by the Lancaster Police Department."). And the City provided the following factual information, supported by attached records:

> Plaintiff Cesar Narro was arrested at 3:12 a.m. on December 20,

>   2015 by police officers employed by the City of Lancaster for theft of property and evading arrest with a vehicle. During his arrest, Plaintiff Cesar Narro requested medical assistance. Dallas EMS reported on scene to evaluate Plaintiff; however, he declined a transport to the hospital and signed a no ride.
>
>   The arresting officers then transported Plaintiff to the Tri-City Jail, which is operated by the City of DeSoto. Before he was booked into the jail, however, he complained of dehydration and DeSoto Fire and Rescue was contacted and dispatched to the jail. The DeSoto Fire and Rescue transported Plaintiff to Charlton Methodist hospital, where he was admitted at 4:43 a.m. The arresting officers from the City of Lancaster accompanied Plaintiff to the hospital. After Plaintiff was released from the hospital, the arresting officers from the City of Lancaster returned Plaintiff to the Tri-City Jail where he was booked in at 9:13 a.m.

Dkt. No. 19 at 1-2 (footnotes omitted).

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by

stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).

Information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Hendrickson v. Davis*, 172 F. App'x 48, 48 (5th Cir. 2006) (per curiam); *see also Ruiz v. Mercado*, Civ. A. No. M-14-1921, 2016 WL 1166040, at *2 (S.D. Tex. Feb. 10, 2016) ("A court may base a dismissal under 28 U.S.C. § 1915(e) 'on medical or other prison records if they are adequately identified and authenticated,' such as those included in a *Martinez* report, and medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. However, 'a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits.'" (citations omitted)), *rec. adopted*, 2016 WL 1162264 (S.D. Tex. Mar. 23, 2016).

But, even accepting Narro's allegations in his complaint and verified questionnaire responses "as true and resolving all disputed facts in his favor," *Hendrickson*, 172 F. App'x at 48, he has not alleged a plausible claim against the remaining defendant, Officer Bell, by alleging facts that raise more than the mere possibility of misconduct by Officer Bell (or any defendant).

While Narro need not "link the complained-of conduct to particular police officers (presumably by name) in order to survive" the pleadings stage of this case, *Robinson v. Farley*, 264 F. Supp. 3d 154, 160 (D.D.C. 2017) (emphasis omitted), in light of the record as supplemented – but not contradicted – by the *Martinez* Report, Narro

must – regardless of the defendant who he believes is liable – allege facts that support a plausible claim that his constitutional rights were violated by that defendant (specifically named or otherwise).

For example, given the current record, which reflects that Narro received medical care at various times, to the extent that he alleges that there was a delay in his receiving medical care, he should allege specifically when – after his arrest and prior to his being transported to the hospital – he was denied that care. *See, e.g., Houston v. Dunn*, 487 F. App'x 164, 165 (5th Cir. 2012) (per curiam) ("Houston's assertions, accepted as true, show that he experienced a two-hour delay in receiving treatment, not a denial of treatment, and his condition was treated by a doctor. Thus, he fails to state a claim for which relief can be granted." (citations omitted)).

And, to the extent that he alleges that he was injured sometime after his arrest on December 20, 2015, he, again, must allege when approximately this occurred and provide facts to show – or from which it may be inferred – that more than mere negligence caused any injury. *See, e.g., Puckett v. Walmart Store #5823*, No. 3:15-cv-2029-D-BN, 2017 WL 6612944, at *9 (N.D. Tex. Nov. 6, 2017) ("Mere negligence does not, of course, amount to deliberate indifference and is insufficient to establish a constitutional violation."), *rec. adopted*, 2017 WL 6611576 (N.D. Tex. Dec. 27, 2017).

**Recommendation**

The Court should dismiss this action without prejudice to Plaintiff Cesar Narro's filing, within a reasonable period of time to be set by the Court, an amended complaint that overcomes the deficiencies identified in the findings, conclusions, and

recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE